STATE, Respondent, *v.* WHORTON, Appellant.

(No. 1,563.)

(Submitted January 14, 1901.   Decided January 21, 1901)

*Criminal Law—Grand Larceny—Evidence—Instructions.*

1. Evidence, in a prosecution for a grand larceny, reviewed, and *held* insufficient to convict the defendant, since it raised no more than a suspicion of the alleged guilt of the defendant.
2. In a prosecution for grand larceny, an instruction that "in this case there is no allegation in the information that the property was in excess of fifty dollars ; therefore it must have been taken from the person of the said G., or else defendant must be found not guilty,"—though not perspicuous, correctly stated the law, when considered with other instructions defining grand larceny.

*Appeal from District Court, Choteau County; Dudley Du bose, Judge.*

BEN WHORTON was convicted of grand larceny, and he appeals.   Reversed.

*Mr. Wm. G. Downing,* for Appellant.

*Mr. James Donovan, Attorney General,* for the State.

MR. JUSTICE MILBURN delivered the opinion of the Court.

The defendant, Ben Whorton, was tried in the district court of Choteau county on the 24th day of February, 1900, upon an information charging him with the crime of grand larceny, in that, as it was alleged, he did feloniously steal, take and carry away from the person of one George Pulliam two $20 gold pieces, coin of the United States, of the value of $20 each, the property of the said George Pulliam.

The record recites that the defendant was duly arraigned, and that, it appearing to the court that he was without means and without counsel, the court assigned counsel to defend him ; that

thereafter, it appearing that the court had been misinformed as to the poverty of the defendant, the court revoked its order assigning counsel; that, as appears from the record, the case was on February 23d set for trial; that, the cause coming up for trial on the 24th, the defendant elected to go to trial without counsel, and, the jury being duly impaneled and sworn, the cause proceeded to trial, and, being submitted to the jury, the defendant was convicted, and sentenced to a term of eight years in the state's prison.

The defendant having employed counsel after conviction, a motion for a new trial was duly made, heard, and denied, and an appeal taken from the judgment and the order denying such new trial.

The points relied upon by counsel in his brief and argument are as follows: (1) That the verdict is contrary to the law and evidence; (2) that the defendant was not arraigned as required by law; (3) that the defendant was not represented by counsel at the trial; and (4) that instruction No. 7 was against the law.

This Court is of the opinion that the verdict of guilty is not supported by the evidence. Without considering the evidence which is favorable to the defendant, but taking into consideration that only which might tend to prove his guilt, it appears therefrom that on the day of the alleged crime the prosecuting witness, George Pulliam, and the defendant had been in a saloon together at Fort Benton, where the defendant had been "hanging around" Pulliam, and where they had been gambling together, and where the prosecuting witness exhibited certain $20 gold pieces and other money to several persons, including the defendant; that in the night of the same day the prosecuting witness engaged in a scuffle with some one not the defendant, severely injuring his leg, so that it was necessary to take him to the hospital, that he was carried in a wagon which had a seat running lengthwise on each side thereof; that defendant went with the surgeon and the prosecuting witness, holding the head and shoulders of the latter while the doctor held the foot and ankle of the injured man; that, arriving at the

hospital, the doctor went to the building to inform the nurse, and while he was gone the defendant asked the prosecuting witness to give him some money "to eat on;" that the prosecuting witness said that he would give him some money after he got over his pain; that defendant was "pretty handy there" in the room until the leg was set; that the prosecuting witness had two $20 gold pieces loose in the pocket of his mackinaw, and one $20 gold piece in his purse besides; that the prosecuting witness found his two $20 gold pieces were missing and gone about half an hour after his leg was set at the hospital; that two or three days thereafter the defendant was seen to have "a lot of bills" and two $20 gold pieces, which he was "flourishing around;" and that on the day of the accident, and before, defendant had been heard to make statements showing that he was without money. These appear to be all of the incriminating facts.

The Court is of the opinion that this evidence does not raise more than a suspicion of the alleged guilt of the defendant, and that the defendant should not have been convicted thereon.

Instruction No. 7, complained of, is as follows, to-wit: "In this case there is no allegation in the information that the property was in excess of fifty dollars; therefore it must have been taken from the person of the said George Pulliam, or else the defendant must be found not guilty." When read with the instructions defining grand larceny, instruction No. 7 correctly states the law, but is not, perhaps, a model as to the style of language used to express the idea intended to be conveyed to the jury, and upon a new trial may well be remodeled by the court.

As the other questions raised are not likely to arise upon a new trial, they are not passed upon in this opinion.

The judgment and order appealed from are therefore reversed, and the cause is remanded for a new trial.

*Reversed and Remanded.*